8/27/2018 2:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 27073250
By: Walter Eldridge
Filed: 8/27/2018 2:59 PM

**2018-57926 / Court: 113**

CAUSE NO. _____

| | | |
|---|---|---|
| STANLEY SMOLENSKY, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT U.S.A. INC., | § § | |
| Defendant. | § § § | \_\_\_\_ JUDICIAL DISTRICT |

## ORIGINAL PETITION AND JURY DEMAND

COMES NOW, Stanley Smolensky, Plaintiff, and files suit against Defendant HOME DEPOT U.S.A. INC. on account of a violation of Chapter 21 of the Texas Labor Code, and in support of such claim would show as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to proceed under the Level 2 discovery control plan in Texas Rule of Civil Procedure 190.3.

### PARTIES

2. Plaintiff Stanley Smolensky ("Smolensky") is an individual residing in Harris County, Texas.

3. Defendant HOME DEPOT U.S.A. INC. ("Home Depot") is a Delaware-formed for-profit corporation doing business in the state of Texas. Home Depot may be served with citation through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4. Pursuant to Texas Civil Practices and Remedies Code § 15.002, venue is proper in Harris County, Texas, as all or most of the acts leading to this suit occurred within Harris County. The damages and issues claimed are within the jurisdictional limits of this Court. This Court has jurisdiction over the parties to this suit.

5. The subject matter is within the jurisdiction of this court. All parties are subject to this court's personal jurisdiction. The amount in controversy is within this court's jurisdictional limits. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, and judgment for all the other relief to which the party deems himself entitled.

6. During the year in which the discriminatory acts occurred, Home Depot was a covered entity for purposes of Chapter 21 of the Texas Labor Code.

## FACTS

7. Smolensky was employed by Home Depot from on or about June 3, 2013 until on or about December 9, 2016.

8. At the time of his termination, he was a Specialty Sales Assistant Manager at Store #6838, which is located at 12727 FM 1960 West, Houston. His race is white/Caucasian, and his age at the time of his termination was 55 years old.

9. Part of his nature is to help people in need, including Home Depot employees. In the past, Smolensky had helped many Home Depot employees who were in difficult financial circumstances. No one from Home Depot has ever taken issue with this or advised him to refrain from helping employees in need.

10.     In around October 2016, one of the store's employees, Kaley Muse, was having difficult financial circumstances. Muse's race is black. Over the course 2 weeks, Smolensky assisted her, due to the fact that she had gotten sick and had no transportation to pick up food or medicine. There was no romantic or sexual relationship between Smolensky and Muse. However, when Home Depot found out about Smolensky interacting with Muse outside of work hours, they terminated him. They told him that it was a violation of the company's fraternization policy, when it wasn't.

11.     One of Smolensky's recent store managers, Sean Chandler, who is black and was in his mid-30s at the time of Smolensky's termination, had engaged in a romantic relationship with a female associate at his store for a couple of months. Chandler would have been a supervisor to this female based on their respective positions. The two individuals kept the relationship secret for months before it was learned they were romantically involved. Despite Chandler's higher position of authority, he was not terminated for this relationship, and certainly was not terminated for violating any sort of fraternization policy. Chandler's relationship with the female associate is actually a clear violation of the company's Mutual Attraction policy. Yet Smolensky was fired, and Chandler was not.

12.     Upon information and belief, Smolensky was replaced by Timbra Brown, who is a black female who was around 30 years old at the time that she replaced Smolensky.

## V. CAUSE OF ACTION 1 – VIOLATION OF CHAPTER 21, TEXAS LABOR CODE – AGE DISCRIMINATION

13.     The acts described in the preceding paragraphs violate Chapter 21 of the Texas Labor Code, which makes it unlawful for an employer to hire or discharge any individual, or to otherwise discriminate against any individual, with respect to his or her compensation, terms, conditions or privileges of employment, because of an individual's age if over 40 years of age. Defendant engaged in age discrimination with respect to Plaintiff by terminating Plaintiff due to his age.[1] Plaintiff claims economic damages, including back pay and the equitable relief of front pay. Plaintiff further claims damages for emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.  Plaintiff also claims a reasonable attorney's fee, expert fees and court costs.

## VI. CAUSE OF ACTION 2 – VIOLATION OF CHAPTER 21, TEXAS LABOR CODE – RACE DISCRIMINATION

14.     The acts described in the preceding paragraphs violate Chapter 21 of the Texas Labor Code, which makes it unlawful for an employer to hire or discharge any individual, or to otherwise discriminate against any individual, with respect to his or her compensation, terms, conditions or privileges of employment, because of an individual's race. Defendant engaged in race discrimination with respect to Plaintiff by terminating Plaintiff due to his race. Plaintiff claims economic damages, including back pay and the equitable relief of front pay. Plaintiff further claims damages for emotional distress, pain

---

[1] The claims of age discrimination and race discrimination are made jointly, as well as in the alternative to one another.

and suffering, inconvenience, mental anguish and loss of enjoyment of life. Plaintiff also claims a reasonable attorney's fee, expert fees and court costs.

## VII.  ADMINISTRATIVE EXHAUSTION

15. On May 1, 2017, Smolensky dual-filed a Charge of Discrimination with the Houston EEOC Field Office and the Texas Workforce Commission Civil Rights Division. The Charge was filed within 180 days of the discriminatory termination. The TWC Civil Rights Division did not issue a right-to-sue notice, but Smolensky now timely files this suit in this state court, pursuant to state law allowing him to do so without a right-to-sue notice, now that 180 days has passed since the filing of the Charge.

## VIII.  JURY DEMAND

16. Smolensky hereby demands a jury, and tenders the appropriate fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

The Court assume jurisdiction of this cause and that Defendant be cited to appear; the Court award damages to Plaintiff as specified above; the Court award a reasonable attorney's fee, expert fees and costs; the Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; the Court award any such other relief as the Court may find proper and to which Plaintiff may be entitled.

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFF**